IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SCOTT SCHLUETER,<br><br>　　　　**Defendant-judgment debtor,**<br><br>v.<br><br>**ROBERT AND PATRICIA WATERSON,**<br><br>　　　　**Restitution judgment-creditors.** | Case No. 09-CR-30126-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is Petitioners Robert and Patricia Watersons' Petition to Revive Judgment. (Doc. 71). They request that this Court revive the judgment entered against Scott Schlueter. (Doc. 31).

On February 19, 2010, Schlueter pleaded guilty to securities fraud, mail fraud, and wire fraud. (*See id.*, p. 1; Doc. 21). On June 3, 2010, District Judge Michael J. Reagan entered a judgment that included a restitution award in favor of Robert & Patricia Waterson and against Scott Schlueter in the amount of $263,659.36. (*See* Doc. 31, p. 5). The Clerk of Court issued the Watersons an Abstract of Judgment on January 16, 2024 in the amount of $263,659.36. (*See* Doc. 68).

Federal Rule of Civil Procedure 69 states that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Pursuant to 735 ILL. COMP. STAT. 5/2-1602(a):

> [A] judgment may be revived by filing a petition to revive the judgment in the seventh year after its entry, or in the seventh year after its last revival, or in the twentieth year after its entry, or at any other time within 20 years after its entry if the judgment becomes dormant and by serving the petition and entering a court order for revival . . . .

The petitioner seeking to revive a judgment must file a petition "in the original case in which the judgment was entered" including "a statement as to the original date and amount of the judgment, court costs expended, accrued interest, and credits to the judgment, if any." *Id.* § 1602(b). Additionally, notice of the petition must be served on the judgment-debtor in accordance with Illinois Supreme Court Rule 106. *See id.*, § 1602(c) (citing ILL. SUP. CT. R. 106). "An order reviving a judgment shall be for the original amount of the judgment" and the "plaintiff may recover interest and court costs from the date of the original judgment." *Id.* § 1602(d).

Here, the Watersons have met all of the enumerated requirements to revive the instant judgment pursuant to federal and state law—they have filed the appropriate Petition in this Court (*see* Doc. 71) and have provided certification that notice was provided to Schlueter on March 1, 2024 (*see* Doc. 74). Therefore, the Watersons' Petition to Revive Judgment against Scott Schlueter (Doc. 71) is

**GRANTED**. Judgment entered on June 3, 2010 in the amount of $263,659.36 is **REVIVED**.

**IT IS SO ORDERED.**

DATED:  April 1, 2024

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
