IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT SCHLUETER, <br><br> Defendant-judgment debtor, <br><br> v. <br><br> ROBERT AND PATRICIA WATERSON, <br><br> Restitution judgment-creditors. | Case No. 09-CR-30126-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion to Amend/Correct Judgement filed by Robert and Patricia Waterson, two of the restitution judgment creditors in this action. (*See* Doc. 88). They request that this Court modify the judgment entered nearly fifteen years ago to include interest on the imposed restitution. (*See id.*).

On February 19, 2010, Defendant Scott Schlueter pleaded guilty to securities fraud, mail fraud, and wire fraud. (*See* Doc. 21). On June 3, 2010, District Judge Michael J. Reagan entered a judgment that included a restitution award in favor of Robert and Patricia Waterson and against Scott Schlueter in the amount of $263,659.36. (*See* Doc. 31, p. 5). The Clerk of Court issued the Watersons an Abstract

of Judgment on January 16, 2024 in the amount of $263,659.36. (*See* Doc. 68). The Watersons filed a Petition to Revive Judgment on January 18, 2024 (Doc. 71). After this Court revived the judgment on April 1, 2024 (*see* Doc. 75), the Clerk of Court provided Notices of Continuing Garnishment on October 4, 2024 (*see* Docs. 80, 82). The Government subsequently filed two Motions to Dismiss Garnishment on October 28, 2024 (Docs. 85, 86) indicating that the imposed restitution had been paid in full. The Court granted both of these Motions. (*See* Doc. 87).

The Watersons now seek to modify the judgment order (Doc. 31) because of the principle that an oral sentence prevails over a written judgment where a conflict exists between the two. (*See* Doc. 88, p. 2 (citing *United States v. Truett*, 109 F.4th 996, 1002 (7th Cir. 2024); *United States v. Channon*, No. 1:13-cr-00966-JCH, 2020 U.S. Dist. LEXIS 236074, at *4 (D.N.M. Dec. 15, 2020))). They state that "a review of the sentencing transcript indicates that Schlueter did not move for a waiver of interest nor did the Court grant Schlueter a waiver of interest at the sentencing hearing." (*Id.* (citing Doc. 39 (Transcript of Defendant's June 3, 2010 Sentencing)). They argue that "[a]ny practice of routine or clerical amendments to judgment orders is barred by the rule that the oral sentence controls over a conflicting written judgment." (*Id.* (citing *Hill v. United States*, 298 U.S. 460, 465–66 (1936))). They request for this Court to "modify the judgment order on its face to vacate the waiver of post-judgment interest in the 2010 sentencing order," "order the U.S. Attorney's Office to calculate the interest due in conformity with 18 U.S.C. § 3612(f)," and "order

the Clerk of Court to post the assessment of interest to the account the Clerk maintains for tracking the balance on Schlueter's criminal debts." (*Id.*, pp. 2–3).

The Government disagrees with the Watersons' analysis, arguing that while "the Court did not mention interest during sentencing[,] . . . in the written judgment, signed the next day, the Court found that Defendant lacked the ability to pay interest and waived the interest requirement of 18 U.S.C. § 3612(f)." (Doc. 92, p. 1). They argue that although "[t]he Watersons correctly note that in the case of a conflict, the oral pronouncement of sentence controls over the written judgment," that "[h]ere, however, the sentencing transcript is silent on the matter of interest and no conflict exists." (*Id.*). Moreover, they argue that "[n]othing in § 3612 requires a district court to address interest in the oral pronouncement, nor does it limit a court's ability to waive interest to the time of sentencing." (*Id.*, p. 2 (citing *United States v. Phillips*, 9 F.4th 382, 383 (6th Cir. 2021); *United States v. Perez*, No. 90-CR-546, 2008 WL 4865992, at *3 (N.D. Ill. July 1, 2008))). "Moreover, the text of § 3612 does not condition a court's power to waive interest on a defendant's motion for such a waiver." (*Id.*). They also argue that "the Watersons do not identify the provision of Title 18 or the Federal Rules of Criminal Procedure under which they seek to modify the judgment order" and that "[t]he written judgment signed on June 4, 2010 is a final order and it can only be revised if permitted by rule or statute." (*Id.*).

First, this Court notes that paragraph 80 of the Sealed Presentence Investigation Report filed on April 30, 2010 (Doc. 23) states that "James Scott Schlueter has numerous debts and no identifiable assets. He will owe restitution in

this matter. He does not have the ability to pay a fine within the guideline fine range nor does he have the ability to pay a fine immediately." This indicates that the sentencing judge was aware of the Defendant's financial status at sentencing and took this into account in the imposition of judgment.

The Government is correct that the Watersons provide neither statutory nor procedural law that directly aligns with the instant factual situation. As the Government's cited caselaw indicates, while district courts have authority to modify restitution awards to *waive* interest, there is no caselaw from this Circuit that indicates that district courts can (or should) impose interest *after* restitution has been paid in full. (*See* Doc. 92, p. 2 (citing *Phillips*, 9 F.4th at 383; *Perez*, 2008 WL 4865992, at *3)).

The critical error made by the Watersons in their analysis of the law regarding whether restitution can be changed after sentencing is their implicit assumption that the judgment entered in this case (Doc. 31) somehow contradicts the transcript of the Defendant's sentencing (Doc. 39). They argue that this was a "clerical error" in accordance with Federal Rule of Criminal Procedure 36. (*See* Doc. 97, p. 3 (citing the same)). This was not an error; although the Watersons are correct that the Defendant did not move to waive interest, the sentencing judge made the determination *sua sponte* to waive interest in accordance with a determination of the Defendant's assets made by the Probation Office. (*See* Doc. 23).

The cases cited by the Watersons do not support their position. In *Truett*, the defendant argued that the Court's failure to orally state that his fine would be paid

in accordance with a schedule meant that it should be vacated; the Seventh Circuit affirmed the judgment of the district court because the Sentencing Guidelines did not give the district court discretion on whether or not the fine would be paid in accordance with a schedule. *See Truett*, 109 F.4th at 1002–03. In *Channon*, the *Government* moved to alter the judgment in accordance with Federal Rule of Criminal Procedure 36 on November 10, 2016, *three weeks* after the sentence was imposed. *See Channon*, 2020 U.S. Dist. LEXIS 236074, at *1.

This Court notes that the Watersons' cited caselaw states that "[w]hen a written judgment fails to reflect an *unambiguous* oral pronouncement, Rule 36 allows for correction of such clerical error at any time." (*Id.* (emphasis added) (quoting *United States v. Lee*, 77 F.4th 565, 583 (7th Cir. 2023))). Note that this is the exact opposite of what the Watersons claim—the sentencing judge did not make an "unambiguous" pronouncement at the sentencing that was then *directly* contradicted by the written judgment, necessitating modification due to a "clerical error" in accordance with Federal Rule of Criminal Procedure 36. In *Lee*, the district court ordered forfeiture at sentencing and then failed to include the forfeiture in the final judgment. 77 F.4th at 584–85. Thus, the judgment reflected the *absence* of a term discussed *explicitly* at sentencing.

While the Watersons make much of *United States v. Goode*, 342 F.3d 741 (7th Cir. 2003), it also reflects the opposite of what the Watersons are arguing. Goode sought relief from interest payments due to an adverse change in economic circumstances; the district court denied Goode's petition to avoid paying interest on

his fines. *Id.* at 742–43. After determining that 18 U.S.C. § 3572(d)(3) conferred jurisdiction to the district court to hear Goode's petition, the Seventh Circuit held that "the imposition of interest was proper-it is mandatory under 18 U.S.C. § 3612(f)(1) because his fines exceeded $2,500 and were not paid in full within 15 days of the judgment" and that "Mr. Goode's interest obligation could not be disturbed because the court made no determination at sentencing under § 3612(f)(3) that he was unable to pay." Herein lies the critical difference to the instant facts—Goode was clearly and unequivocally assessed a fine *with interest* at his sentencing and he subsequently sought to avoid *paying* that interest.

The logical opposite of white is not black—it is "not white." Here, the Watersons wish to use a procedural mechanism designed to provide relief to impoverished defendants as a means to permit them to recover thousands of dollars in interest now that it has been determined that the Defendant's family trust can, indeed, cover it. While the Court understands that the Watersons have sought the $263,659.36 owed to them for years now and that they have not been able to invest that amount, thus depriving them of compounding interest on their investment, the timing here gives the Court pause. Unlike in *Truett*, *Channon*, *Lee*, or *Goode*, in the instant case, the restitution creditors themselves now seek interest on a judgment imposed fifteen years ago that was paid in full on October 28, 2024 (*see* Doc. 86), two days before the Watersons filed their Motion. Both the Government and the Watersons had fifteen years to seek to modify the judgment and the Court is

concerned that the Watersons did not seek to add interest to the amount of restitution until *after* it had been paid from the Defendant's family trust.

Therefore, for the reasons discussed above, the Watersons' Motion to Amend/Correct Judgment (Doc. 88) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  November 25, 2024**

**s/ *Stephen P. McGlynn*** 
**STEPHEN P. McGLYNN** 
**U.S. District Judge**
